UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERRICE MICHELLE SHORTS,

      Plaintiff,

– against –

CEDARS BUSINESS SERVICES, LLC,

      Defendant.

**ORDER**

24-cv-02787 (ER)

Ramos, D.J.:

  Sherrice Shorts filed this action under the Fair Debt Collection Practices Act (FDCPA) in New York state court. Doc. 2-1. Cedars Business Services, LLC, removed the case to this Court. Doc. 2. Shorts moved to remand the case to state court for lack of subject matter jurisdiction, arguing that Cedars's removal papers failed to demonstrate that she had Article III standing. Doc. 4.

  Cedars subsequently moved to dismiss for lack of personal jurisdiction and improper venue. Doc. 17. According to Cedars, "neither of the parties are residents of New York and the alleged violation did not occur in New York." Doc. 17-1 at 1. At the end of its brief, Cedars requested that the Court enter an order dismissing the case "or in the alternative transferring this case to the proper jurisdiction (Texas) pursuant to 28 U.S.C. § 1404." *Id.* at 8–9.

  Shorts filed a one-paragraph response to the motion stating only that she "consents to the alternative relief sought by [Cedars], i.e., 'tran[s]fer[ of] this case to the [United States District Court for the Southern District of] Texas' Houston Division." Doc. 20 (third and fourth alterations in original). Cedars then submitted a letter reply asserting that Shorts has refused to disclose where she resided at the time of the alleged violation. Doc. 21 at 1. "Absent that

information," Cedars argued, "this Court cannot properly transfer this case to any other jurisdiction because it has no basis for same." *Id.*[1]

The parties have created a jurisdictional morass in what should have been a fairly straightforward FDCPA case. Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In this case, it is not clear whether there is a transferee district "to which all parties have consented." Cedars raised the possibility of transferring the case to "Texas" in its motion, Doc. 17-1 at 8–9, but now appears to contend that the Court cannot transfer the case, Doc. 21 at 1.[2] The parties are directed to file a joint letter by September 13, 2024, advising the Court whether all parties consent to the transfer of this case to the Southern District of Texas or some other district.

If all parties do not consent, then transfer would be permissible under § 1404(a) only if there is another district where this action "might have been brought." An action "might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendants, and if venue would have been proper in the transferee court." *Lapushner v. Admedus Ltd.*, No. 18 Civ. 11530 (ALC), 2020 WL 777332, at *3 (S.D.N.Y. Feb. 14, 2020) (citation omitted). If those

---

[1] Instead of responding to Cedars's arguments, Shorts asked the Court to disregard the letter reply because its formatting does not comply with Local Civil Rule 7.1. Doc. 22. The Court will exercise its discretion to consider the letter reply.

[2] Other courts have noted that a court must have subject matter jurisdiction over a case in order to transfer venue. *See, e.g.*, *Shoham v. United Airlines, Inc.*, No. 22 Civ. 05677 (DLI) (RER), 2022 WL 13798296, at *3 (E.D.N.Y. Oct. 21, 2022) ("Federal courts must . . . find the existence of subject-matter jurisdiction before they may entertain a motion to transfer." (omission in original) (citation omitted)); *Yun Chi v. Parajon*, No. 20 Civ. 9042 (PAE), 2020 WL 6700584, at *2 (S.D.N.Y. Nov. 13, 2020) ("Without subject-matter jurisdiction, the Court is without power to effect the relief plaintiffs seek, *i.e.*, transfer of venue."); *see also* 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3845 (4th ed.) ("Of course, for transfer under Section 1404(a), both the transferor and the transferee must have subject matter jurisdiction over the case."). But "[a] district court may 'transfer venue even if it lacks personal jurisdiction over the defendants.'" *Tlapanco v. Elges*, 207 F. Supp. 3d 324, 326 n.1 (S.D.N.Y. 2016) (quoting *Fort Knox Music Inc. v. Baptiste*, 257 F.3d 108, 112 (2d Cir. 2001)).

requirements are satisfied, the court balances several "private" and "public-interest" factors to determine whether transfer is warranted. *See, e.g.*, *Pence v. Gee Grp., Inc.*, 236 F. Supp. 3d 843, 850 (S.D.N.Y. 2017).

Here, neither party has provided any analysis regarding whether the Southern District of Texas—or some other potential transferee court—would have had subject matter jurisdiction and personal jurisdiction over Cedars at the time the action was filed and whether venue would have been proper in that court. Nor have the parties explained whether the relevant private and public interest factors weigh in favor of transfer. Accordingly, the parties' joint letter should also address whether the parties wish to submit additional briefing on these issues.

It is SO ORDERED.

Dated:  September 6, 2024
        New York, New York

                                                  EDGARDO RAMOS, U.S.D.J.