UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERRICE MICHELLE SHORTS,

      Plaintiff,

– against –

CEDARS BUSINESS SERVICES, LLC,

      Defendant.

**ORDER**

24-cv-02787 (ER)

Ramos, D.J.:

  Sherrice Shorts filed this action under the Fair Debt Collection Practices Act (FDCPA) in New York state court.  Doc. 2-1.  Cedars Business Services, LLC, removed the case to this Court.  Doc. 2.  Shorts moved to remand the case to state court for lack of subject matter jurisdiction, arguing that Cedars' removal papers failed to demonstrate that she had Article III standing.  Doc. 4.

  Cedars subsequently moved to dismiss for lack of personal jurisdiction and improper venue.  Doc. 17.  According to Cedars, "neither of the parties are residents of New York and the alleged violation did not occur in New York."  Doc. 17-1 at 1.  At the end of its brief, Cedars requested that the Court enter an order dismissing the case "or in the alternative transferring this case to the proper jurisdiction (Texas) pursuant to 28 U.S.C. § 1404."[1]  *Id.* at 8–9.

  Shorts filed a one-paragraph response to the motion stating only that she "consents to the alternative relief sought by [Cedars], i.e., 'tran[s]fer[ of] this case to the [United States District Court for the Southern District of] Texas' Houston Division."  Doc. 20 (third and fourth alterations in original).  Cedars then submitted a letter reply asserting that Shorts has refused to

---

[1] Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

disclose where she resided at the time of the alleged violation. Doc. 21 at 1. "Absent that information," Cedars argued, "this Court cannot properly transfer this case to any other jurisdiction because it has no basis for same." *Id.*[2]

On September 6, 2024, this Court directed the parties to submit a joint letter advising the Court whether all parties consent to the transfer of this case to the Southern District of Texas or some other district. Doc. 23. The Court further instructed that the parties' joint letter address whether the parties wish to submit additional briefing on whether the relevant private and public interest factors weigh in favor of transfer. *See, e.g.*, *Pence v. Gee Grp., Inc.*, 236 F. Supp. 3d 843, 850 (S.D.N.Y. 2017). On September 9, 2024, the Court again directed the parties to submit a joint status letter by September 13, 2024, including only the following representations: (1) whether there is a district to which all parties consent to have this case transferred, and if not, (2) whether either party wishes to submit additional briefing concerning whether transfer to another district where this action "might have been brought" is appropriate under 28 U.S.C. § 1404(a). Doc. 26. The Court further noted that "[i]f neither party wishes to submit additional briefing, the Court will treat Cedars' motion (Doc. 17) as fully briefed." *Id.*

On September 11, 2024, Shorts filed a letter stating, "The Parties consent to the transfer of this case to the U.S.D.C. for the Southern District of Texas. The Parties do not wish to submit additional briefing concerning whether to transfer to another district." Doc. 27. In a footnote, Shorts explained that she had sent a draft of the same letter to Cedars and, having not received any objection to the draft, "deem[ed] it to be joint." *Id.* at 1 n.1. That same day, Cedars filed a letter stating that Shorts' statement that the parties consented to transfer was "an absolute

---

[2] Instead of responding to Cedars' arguments, Shorts asked the Court to disregard the letter reply because its formatting does not comply with Local Civil Rule 7.1. Doc. 22. The Court will exercise its discretion to consider the letter reply.

2

falsehood." Doc. 28 at 1. Cedars additionally stated: "For its part Defendant will not consent to any transfer of this action absent disclosure of the Plaintiff's residence at the time of the alleged violation. Additionally, Defendant stands on its prior submissions regarding the transfer of this litigation." *Id.* at 2.

On September 11, 2024, Shorts filed a letter amending her earlier letter, Doc. 27, stating, "Plaintiff consents to the transfer of this case to the U.S.D.C. for the Southern District of Texas, and does not wish to submit additional briefing concerning whether to transfer to another district." Doc. 29. at 1. Shorts also argued that "Defendant has clearly consented to personal jurisdiction and venue in the judicial districts in Texas" by "requesting transfer to a Texas district court" in its motion to dismiss. *Id.* Shorts then argued why, "[i]n the event that this case is not remanded to state court for lack of subject matter jurisdiction, it is in the interest of justice to transfer this case to the Southern District of Texas" as opposed to dismissing it. *Id.* at 2–3. Shorts did not provide her place of residence.

In light of both parties' statements that they do not wish to submit additional briefing concerning whether transfer to another district might be appropriate, Docs. 28, 29, the Court "will treat Cedars' motion to dismiss (Doc. 17) as fully briefed." Doc. 26. The Court will rule on Shorts' motion to remand, Doc. 4, and Cedars' motion to dismiss, Doc. 17, based on the submissions currently on the docket.

It is SO ORDERED.

Dated:  January 14, 2025
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.