UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERRICE MICHELLE SHORTS,

                Plaintiff,

– against –

CEDARS BUSINESS SERVICES, LLC,

                Defendant.

**OPINION & ORDER**

24 Civ. 2787 (ER)

Ramos, D.J.:

      In March 2024, Sherrice Shorts filed this action in New York state court against Cedars Business Services, LLC for a violation of the Fair Debt Collection Practices Act (FDCPA). Doc. 2-1. A month later, in April 2024, Cedars removed the case to this Court on the basis of federal question jurisdiction. Doc. 2. Shorts now moves to remand the case to state court for lack of subject matter jurisdiction, Doc. 4, and Cedars cross-moves to dismiss the claim for (1) lack of personal jurisdiction and (2) improper venue, Doc. 17. For the reasons set forth below, Shorts' motion to remand is DENIED, Cedars' motion to dismiss for lack of personal jurisdiction is GRANTED, and Cedars' motion to dismiss for improper venue is DENIED as moot.

**I.    BACKGROUND**

     **A.  Factual Background**[1]

      Cedars is a California limited liability company that conducts third-party debt collection. ¶¶ 23, 30.[2] Cedars is registered with the New York Department of State Division of Corporations as a foreign limited liability company. ¶ 17. Shorts has not stated where she resides. *See, e.g.*, Doc. 21 at 1.

---

[1] The following facts are based on the allegations in the complaint, which the Court accepts as true for purposes of the instant motions.

[2] Unless otherwise noted, citations to "¶ __" refer to the complaint, Doc. 2-1.

On February 28, 2024, Cedars sent an email to Shorts with the subject line "UH OH Sherrice, you missed our notice." Doc. 2-1 at 10. In the email, Cedars attempted to collect a debt allegedly owed to iRobot in the amount of $659.19. ¶ 32. That same day, Shorts replied to Cedars' email, stating "I refuse to pay." Doc. 2-1 at 10. The next day, on February 29, 2024, Cedars sent Shorts an email with the subject line: "We would be glad to hear from you." *Id.* at 12. In this second email, Cedars again attempted to collect Shorts' alleged debt. ¶ 37.

Shorts asserts that, as a result of Cedars' "alleged unlawful conduct," she suffered "intrusion upon her seclusion, anger, anxiety, decreased ability to focus on tasks while at work, frustration, severe emotional distress," and "physical manifestations thereof" such as "headaches." ¶ 40.

### B. Procedural Background

On March 7, 2024, Shorts filed this action against Cedars in the Supreme Court of the State of New York, County of New York. Doc. 2-1. Shorts claims that Cedars' second email, which came after Shorts indicated that she refused to pay, violated the Fair Debt Collection Practices Act (FDCPA).[3] ¶ 43. On April 12, 2024, Cedars removed the case to this Court on the basis of federal question jurisdiction. Doc. 2. The next day, Shorts moved to remand the case to state court for lack of subject matter jurisdiction, arguing that Cedars' removal papers failed to establish that Shorts had Article III standing. Docs. 4, 5. On April 19, 2024, Cedars answered the complaint. Doc. 8. In its answer, Cedars asserted, *inter alia*, that "none of the violations alleged by [Shorts] occurred or emanated from New York State and therefore there is no specific jurisdiction over Defendant by any Courts in New York." Doc. 8 at 6–7.

---

[3] The FDCPA provides that: "'[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except' under certain enumerated circumstances." *Ross v. Cavalry Portfolio Servs., LLC*, No. 23 Civ. 7861, 2024 WL 4404043, at *1 (2d Cir. Oct. 4, 2024) (summary order) (quoting 15 U.S.C. § 1692c(c)).

On July 29, 2024, Cedars moved to dismiss the case for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Doc. 17. According to Cedars, "neither of the parties are residents of New York and the alleged violation did not occur in New York." Doc. 17-1 at 5. Cedars claimed that Shorts is a resident of Texas. *Id.* at 9. In the conclusion of its brief, Cedars thus requested that the Court enter an order dismissing the case "or in the alternative transferring this case to the proper jurisdiction (Texas) pursuant to 28 U.S.C. § 1404[.]" *Id.* at 12–13.

On August 29, 2024, Shorts filed a one-paragraph response to the motion to dismiss, stating only that she "consents to the alternative relief sought by [Cedars], i.e., 'tran[s]fer[ of] this case to the [United States District Court for the Southern District of] Texas' Houston Division." Doc. 20 (third and fourth alterations in original). Cedars replied on September 3, 2024, noting that Shorts has refused to disclose where she resided at the time of the alleged violation. Doc. 21. "Absent that information," Cedars argued, "this Court cannot properly transfer this case to any other jurisdiction because it has no basis for same."[4] *Id.* at 1.

On September 6, 2024, the Court directed the parties to file a joint letter by September 13, 2024, advising whether both parties consent to the transfer of this case. Doc. 23. On September 11, 2024, Shorts filed a letter stating: "The Parties consent to the transfer of this case to the U.S.D.C. for the Southern District of Texas. The Parties do not wish to submit additional briefing concerning whether to transfer to another district." Doc. 27. In a footnote, Shorts explained that she had sent a draft of the same letter to Cedars and, after receiving no objection to the draft in the one day following, "deem[ed] it to be joint." *Id.* at 1 n.1. That same day, on September 11, Cedars filed a letter calling

---

[4] Instead of responding to Cedars' arguments, Shorts asked the Court to disregard Cedars' reply because its formatting does not comply with Local Civil Rule 7.1. Doc. 22. The Court will exercise its discretion to consider the September 3, 2024 letter reply, Doc. 21.

3

the parties' purported mutual consent to transfer "an absolute falsehood[.]" Doc. 28 at 1. In light of this misrepresentation, Cedars requested sanctions against Short's counsel, Brian L. Ponder, pursuant to 28 U.S.C. § 1927.[5] *Id.* at 2. Cedars also stated: "For its part Defendant will not consent to any transfer of this action absent disclosure of the Plaintiff's residence at the time of the alleged violation. Additionally, Defendant stands on its prior submissions regarding the transfer of this litigation." *Id.*

Shorts thereafter filed an amended letter, stating: "Plaintiff consents to the transfer of this case to the U.S.D.C. for the Southern District of Texas, and does not wish to submit additional briefing concerning whether to transfer to another district." Doc. 29 at 1.

On January 14, 2025, the Court indicated that, in light of the parties' representations that they do not wish to submit additional briefing on a transfer, the Court will treat the instant motions as fully briefed. Doc. 30.

## II. DISCUSSION

Shorts moves to remand this case to state court for lack of subject matter jurisdiction, and Cedars moves to dismiss the case. The Court will first address Shorts' motion to remand, "because the remand motion challenges the Court's jurisdiction to hear this case." *Schultz v. Tribune ND, Inc.*, 754 F. Supp. 2d 550, 555 n.6 (E.D.N.Y. 2010). "If the Court does not have jurisdiction, it does not have the power to decide defendant's motion." *Id.* (citing *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005)). The Court will then consider Cedars' motion to dismiss.

### A. Motion to Remand for Lack of Subject Matter Jurisdiction

#### 1. Legal Standard

"Federal law states that civil actions brought in state court over which 'the district courts of the United States have original jurisdiction' may be removed to federal court."

---

[5] Cedars has not formally moved for sanctions, so the Court declines to consider that informal request at this time.

4

*Link Motion Inc. v. DLA Piper LLP United States*, 103 F.4th 905, 912 (2d Cir. 2024) (quoting 28 U.S.C. § 1441(a)). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* (quoting 28 U.S.C. § 1447(c)).

"Article III, Section 2 of the [United States] Constitution limits the subject-matter jurisdiction of the federal courts to 'Cases' and 'Controversies.'" *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020) (citing *Dhinsa v. Krueger*, 917 F.3d 70, 77 (2d Cir. 2019)). "The standing doctrine, which emerges from Article III, is designed 'to ensure that federal courts do not exceed their authority as it has been traditionally understood.'" *Id.* (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). In other words, standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo*, 578 U.S. at 338 (citation omitted). "Given that standing is an essential element of federal subject matter jurisdiction, it follows that if a plaintiff lacks standing to bring suit, a court has no subject matter jurisdiction over the case." *Miller v. Syracuse Univ.*, 662 F. Supp. 3d 338, 350 (N.D.N.Y. 2023) (internal citations and quotation marks omitted) (citing *In re United States Catholic Conference*, 885 F.2d 1020, 1023 (2d Cir. 1989)).

To satisfy standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S at 338 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F. 3d 329, 333 (7th Cir. 2019)).

"The removing defendant has the burden of establishing federal jurisdiction." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021). "When

5

considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." *Qatar v. First Abu Dhabi Bank PJSC*, 432 F. Supp. 3d 401, 406 (S.D.N.Y. 2020) (quoting *Federal Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006)). Moreover, "because this is a jurisdictional inquiry, [the] [C]ourt can look beyond the face of the complaint" to affidavits and exhibits when deciding whether to remand. *Ulysse v. AAR Aircraft Component Servs.*, 841 F. Supp. 2d 659, 683 (E.D.N.Y. 2011) (citation omitted).

    2. *Analysis*

Shorts argues that the removal papers fail to adequately establish Article III standing, necessitating remand to state court. Doc. 5 at 1. Specifically, Shorts asserts that the harm detailed in the complaint does not rise to the injury-in-fact standing requirement. *Id.* at 5.

An injury-in-fact is "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S at 339 (citation and internal quotation marks omitted). The injury-in-fact requirement is "a low threshold which helps to ensure that the plaintiff has a personal stake in the outcome of the controversy." *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 736 (2d Cir. 2017) (citation and internal quotation marks omitted). Nonetheless, a statutory violation alone does not constitute an injury-in-fact. *See Maddox v. Bank of New York Mellon Trust Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021) ("*TransUnion* established that in suits for damages plaintiffs cannot establish Article III standing by relying entirely on a statutory violation"). Instead, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation" can establish a sufficient injury-in-fact. *TransUnion LLC*, 594 U.S. at 427 (emphasis in original). As the Supreme Court put it: "No concrete harm, no standing." *Id.* at 442. "Thus, a lawsuit may not proceed in federal court unless a plaintiff has suffered a 'physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts,' even if plaintiff shows

a bare statutory violation." *Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 272 (E.D.N.Y. 2022) (quoting *TransUnion LLC*, 594 U.S. at 427).

Here, in addition to the statutory violation, Shorts asserts that she endured intrusion upon her seclusion, anger, anxiety, decreased ability to focus on tasks while at work, frustration, severe emotional distress, and physical manifestations thereof such as headaches. ¶ 40. Nonetheless, in her briefing on the instant motion to remand, Shorts now claims that the complaint is devoid of "any allegation" that she "suffered any concrete consequences." Doc. 5 at 5 (quoting *Zlotnick v. Equifax Info. Servs., LLC*, 583 F. Supp. 3d 387, 392 (E.D.N.Y. 2022)).

"[C]ertain harms readily qualify as concrete injuries under Article III. The most obvious are traditional tangible harms, such as physical harms and monetary harms." *TransUnion LLC*, 594 U.S. at 425. Nonetheless, "[v]arious intangible harms can also be concrete. Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts," including "intrusion upon seclusion." *Id.* (internal citations omitted). Accepting the complaint's factual allegations as true, the alleged intrusion upon Shorts' seclusion thus provides a concrete harm sufficient to confer standing. *See* ¶ 40.

Moreover, "Congress's views may be 'instructive'" as to whether a harm "is sufficiently concrete to qualify as an injury in fact[.]" *TransUnion LLC*, 594 U.S. at 425 (citation omitted). Indeed, Congress may "elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Id.* (citation omitted). Here, the FDCPA was enacted to remedy "the suffering and anguish" that "unscrupulous debt collectors" can cause. *Magruder v. Capital One, Nat'l Ass'n*, 540 F. Supp. 3d 1, 12 (D.D.C. 2021) (quoting S. Rep. 95-382, at 2 (1977)); *see also Manuel v. Merchants & Professional Bureau, Inc.*, 956 F.3d 822, 826 (5th Cir. 2020) ("Because 'Congress . . . clearly intended the FDCPA to have a broad remedial scope[,]' it should 'be construed broadly and in favor of the consumer.'") (citation omitted) (alterations in

7

original).  Shorts' alleged emotional anguish thus "falls squarely within the type of harm Congress sought to redress" with the FDCPA, further signaling that her asserted injuries confer standing.  *Benjamin v. Rosenberg & Assocs., LLC*, No. 19 Civ 3012 (RDM), 2021 WL 3784320, at *6 (D.D.C. Aug. 26, 2021) (finding that "mental distress" falls under the remedial target of the FDCPA).

Shorts attempts to resist this conclusion by relying on *Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, 19 F.4th 58 (2d Cir. 2021).  Doc. 5 at 5.  In *Maddox*, the Second Circuit found that a plaintiff's "perfunctory allegation of emotional distress" was insufficient to confer Article III standing.  *Maddox*, 19 F.4th at 66.  The *Maddox* plaintiff asserted that the defendant bank's failure to timely record her mortgage satisfaction spurred "great stress, mental anguish, anxiety, and distress."  *Id.*  Crucially, unlike Shorts, the *Maddox* plaintiff made no reference to intrusion upon seclusion, which the Supreme Court has deemed a concrete harm.  *See TransUnion LLC*, 594 U.S. at 425.  Moreover, the *Maddox* claims were made pursuant to New York's mortgage-satisfaction-recording statutes.  *Maddox*, 19 F.4th at 60.  Here, the claims are brought under the FDCPA, which specifically targets the type of mental distress that may be caused by violations of its provisions.  *See Magruder*, 540 F. Supp. 3d at 12 (quoting S. Rep. 95-382, at 2 (1977)).  *Maddox* is thus inapposite to the injuries asserted here, which the Court finds to sufficiently confer standing.  Accordingly, Shorts' motion to remand for lack of subject matter jurisdiction is DENIED.

### B. Motion to Dismiss for Lack of Personal Jurisdiction

#### 1. Legal Standard

On a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff "bears the burden of establishing that the court has jurisdiction over the defendant."  *Moussaoui v. Bank of Beirut & the Arab Countries*, No. 23 Civ. 7332, 2024 WL 4615732, at *1 (2d Cir. Oct. 30, 2024) (summary order) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)).  At this

early stage—before discovery has taken place and without any evidentiary hearing—a plaintiff can defeat the motion to dismiss with a *prima facie* showing by pleadings and affidavits that jurisdiction exists. *Dorchester Fin. Sec, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013). "Although [the Court] construe[s] the pleadings and affidavits in the light most favorable to [the] plaintiff[], resolving all doubts in [her] favor, a plaintiff may not rely on conclusory statements and must offer actual specificity in order to establish personal jurisdiction." *Moussaoui*, 2024 WL 4615732, at *1 (internal citations and quotation marks omitted).

    2. *Analysis*

"In a federal question case, where the defendant resides outside the forum state, federal courts apply the forum state's personal jurisdiction rules if the applicable federal statute does not provide for national service of process." *Saks v. Andreu, Palma, Lavin, & Solis, PLLC*, No. 24 Civ. 2045 (OEM) (CLP), 2025 WL 317516, at *2 (E.D.N.Y. Jan. 28, 2025) (quoting *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004)). Cedars is a California company, *see* ¶ 23, this Court is based in New York, and "the FDCPA does not provide for national service of process," so New York law governs. *Saks*, 2025 WL 317516, at *2.

"Under New York law, for a plaintiff to demonstrate personal jurisdiction over a defendant, the plaintiff must show either that the defendant was present and doing business in New York within the meaning of C.P.L.R. § 301, known as general jurisdiction, or that the defendant committed acts within the scope of New York's long-arm statute, C.P.L.R. § 302, known as specific jurisdiction." *Stroud v. Tyson Foods, Inc.*, 91 F. Supp. 3d 381, 385 (E.D.N.Y. 2015) (internal alterations and quotations omitted) (quoting *Reich v. Lopez*, 38 F. Supp. 3d 436, 454 (S.D.N.Y. 2014)). "General, all-purpose jurisdiction permits a court to hear any and all claims against an entity; whereas, specific jurisdiction permits adjudicatory authority only over issues that arise out of or relate to

the entity's contacts with the forum." *Id.* (internal alterations and quotations omitted) (quoting *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122, 134 (2d Cir. 2014)).

A "court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the [s]tate are so 'continuous and systematic' as to render them essentially at home in the forum [s]tate." *Aybar v. Aybar*, 177 N.E.3d 1257, 1265 (N.Y. 2021) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). Here, Shorts has not pleaded that Cedars is at home in New York. On the contrary, Shorts' complaint asserts that Cedars is registered as a California LLC. *See* ¶ 23. Shorts' sole allegation as to Cedars' New York contacts is that Cedars registered with the New York Department of State Division of Corporations. *Id.* However, "the act of registering to do business under § 1301 of the [Business Corporation Law] does not constitute consent to general personal jurisdiction in New York." *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 496 (2d Cir. 2020).

Shorts also provides no basis for specific jurisdiction over Cedars. Under New York Law, a court may exercise specific personal jurisdiction over a non-domiciliary who, either in person or through an agent: (1) "[T]ransacts any business within the state or contracts anywhere to supply goods or services in the state;" (2) "commits a tortious act within the state . . . ;" (3) "commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;" or (4) "owns, uses or possesses any real property situated within the state." *Ballon Stoll P.C. v. Cutler*, No. 23 Civ. 366 (ER), 2024 WL 1256049, at *5 (S.D.N.Y. Mar. 25, 2024) (quoting C.P.L.R. § 302(a)(1)–(4)).

Shorts does not aver that Cedars regularly conducts business in New York, or that the alleged FDCPA violation occurred in New York. Shorts has steadfastly declined to

10

state where she resided at the time of the alleged violation, despite repeated requests by Cedars. *See, e.g.*, Doc. 21. Given this bare record, Shorts "has made 'no serious attempt to show that [her] suit either arises out of, or is related to, [Cedar's] contacts' with New York." *Khan v. W. Express Inc.*, No. 20 Civ. 1290 (RPK) (RML), 2020 WL 4719655, at *2 (E.D.N.Y. Aug. 12, 2020) (quoting *Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 128 (2d Cir. 2008)). Shorts thus fails to establish that this Court can exercise personal jurisdiction over Cedars. Accordingly, Cedars' motion to dismiss for lack of personal jurisdiction is GRANTED.

### C. Motion to Dismiss for Improper Venue

Cedars also moves to dismiss on the basis of improper venue. Doc. 17. "However, because there is no personal jurisdiction over the defendants in the Southern District of New York, this Court need not reach the defendants' motion to dismiss on the alternative ground of improper venue."[6] *Donner v. DER SPIEGEL GmbH & Co. KG*, No. 23 Civ. 8196 (JGK), 2024 WL 4035215, at *9 (S.D.N.Y. Sept. 4, 2024) (citation omitted).

### III. CONCLUSION

For the reasons set forth above, Shorts' motion to remand is DENIED and Cedars' motion to dismiss for lack of personal jurisdiction is GRANTED.

The Clerk of Court is respectfully directed to terminate the motions, Docs. 4, 17, and close the case.

It is SO ORDERED.

Dated: February 21, 2025
New York, New York

EDGARDO RAMOS, U.S.D.J.

---

[6] Similarly, the Court does not reach the parties' arguments concerning transfer to a Texas court.

11